UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KATHLEEN L. SUMMERS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 1:24-cv-11793-IT |
| MEDTRONIC, INC. and MEDTRONIC | * | |
| USA INC., | * | |
| | * | |
| Defendants. | | |

MEMORANDUM & ORDER

August 1, 2025

TALWANI, D.J.

Pending before the court is Plaintiff Kathleen Summers's Renewed Motion for Leave to File an Amended Complaint [Doc. No. 13]. Defendants Medtronic, Inc. and Medtronic USA, Inc. ("Medtronic") oppose the Motion on the ground that Summers's proposed amendment would be futile. Opp'n 1 [Doc. No. 14]. For the reasons explained below, Summers's Motion [Doc. No. 13] is DENIED.

**I.      Procedural Background**

Summers filed a Complaint [Doc. No. 1-1] in Plymouth County Superior Court alleging that in 2007 Summers's medical doctor implanted Summers with defibrillator leads manufactured by Medtronic, and that these leads malfunctioned in October 2021 and repeatedly shocked her, resulting in her hospitalization. Summers asserted three state-law tort claims: breach of the warranty of merchantability, breach of the warranty of fitness for a particular purpose, and negligence.

After Defendants removed the case, this court dismissed Summers's breach of warranty claims on the ground that they were preempted by the Medical Device Amendments to the

Federal Food, Drug, and Cosmetic Act. See Mem. & Order 5–6 [Doc. No. 10]. The court dismissed Summers's negligence claim as preempted to the extent it asserted that FDA-approved warnings she received were inadequate. Id. To the extent Summers based her negligence claim on "Defendants' duty to monitor its products and inform its customers of aftermarket discovered defects," the court found that Summers failed to state a negligence claim where her Complaint did not allege when Medtronic became aware of device malfunctions. Id. at 6–7.

In dismissing the case, the court allowed Summers to file a motion for leave to amend her Complaint. Id. at 7. The court denied Summers's first Motion for Leave to File an Amended Complaint [Doc. No. 11] where it "omitted any cause as to why the motion should be allowed." Elec. Order [Doc. No. 12]. Summers subsequently filed her Renewed Motion for Leave to File an Amended Complaint [Doc. No. 13].

## II.    Renewed Motion to Amend

In her Renewed Motion to Amend [Doc. No. 13], Summers seeks leave to file an Amended Complaint that includes the following allegations:

On March 28, 2007, Summers was implanted with a model number 6949 Sprint Fidelis defibrillator lead and about a month later experienced an unnecessary electric jolt. Mot. 1 [Doc. No. 13]. She reported the incident to her doctor who, in turn, reported the matter to Medtronic. Id. Medtronic dispatched one of its technicians to examine the implant, but Medtronic gave no information or instruction to Summers. Id. A similar electric jolt subsequently occurred, which Summers reported to her doctor, who again reported the matter to Medtronic. Id. Medtronic again dispatched its technician to examine the implant with a similar failure to communicate or interact with Summers. Id.

On October 15, 2007, Medtronic issued a Class 1 Recall of the implanted lead because of the potential for lead fractures which could cause the defibrillator to deliver an unnecessary

electric jolt. <u>Id.</u> Medtronic failed to communicate the recall to Summers even though it was aware that she was among the recipients of the implanted lead who were being adversely affected by its product. <u>Id.</u> at 1–2.

### III.    Standard of Review

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading shall be freely granted "when justice so requires." If such an amendment would be futile, leave to amend may be denied. <u>Rife v. One W. Bank, F.S.B.</u>, 873 F.3d 17, 20–21 (1st Cir. 2017). An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." <u>Id.</u> (quoting <u>Glassman v. Computervision Corp.</u>, 90 F.3d 617, 623 (1st Cir. 1996)). When leave to amend is sought before discovery is complete, and neither party has moved for summary judgment, futility is gauged by the same standard as legal sufficiency under Rule 12(b)(6). <u>Hatch v. Dep't for Children, Youth & Their Families</u>, 274 F.3d 12, 19 (1st Cir. 2001).

In evaluating a motion to dismiss for failure to state a claim, the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." <u>Nisselson v. Lernout</u>, 469 F.3d 143, 150 (1st Cir. 2006). To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

### IV.    Discussion

Medtronic argues that its alleged "'fail[ure] to communicate the Recall' to [Summers]" does not state a claim for negligence because "under the learned intermediary doctrine, Medtronic's duty to warn runs to the prescribing physician, not the patient." Opp'n 2 [Doc. No. 14].

"It is generally accepted that in a case involving medical products prescribed or used by a physician or trained medical personnel, the warning runs to the physician not the patient."

Knowlton v. Deseret Medical, Inc. 930 F.2d 116, 120 n.2 (1st Cir. 1991) (citing MacDonald v. Ortho Pharmaceutical Corp., 394 Mass. 131, 136, 475 N.E.2d 65 (1985)). Accordingly, "[u]nder the 'learned intermediary' doctrine, a medical-device manufacturer's obligation to warn of dangers associated with its product runs to the physician, not the patient." Bell v. Covidien LP, 2023 WL 3006175, at *6 (D. Mass. Apr. 19, 2023) (citing Cottam v. CVS Pharm., 436 Mass. 316, 321, 764 N.E.2d 814 (2002)). "Under this doctrine, the manufacturer's duty is fulfilled once it adequately warns the physician." Garside v. Osco Drug, Inc., 976 F.2d 77, 80 (1992).

"To determine whether a plaintiff can make a prima facie case of negligence despite imposition of the learned intermediary rule, courts use a burden-shifting framework." Langlois v. American Medical Sys., Inc., 462 F. Supp. 3d 1, 4 (D. Mass 2020). Under this framework, "the plaintiff carries the initial burden of producing sufficient evidence that the defendant manufacturer failed to warn of a non-obvious risk about which the manufacturer knew or should have known." Garside, 976 F.2d at 81. "Assuming the plaintiff raises a triable issue on this question, a rebuttable presumption arises that the physician would have heeded an adequate warning." Id.

Summers's proposed amendment is insufficient to meet her initial burden. She does not allege that Defendant failed to warn her physician that the implanted lead could produce an unnecessary jolt. To the contrary, her Motion seeks to add an allegation that Defendant recalled the lead based on this issue. Mot. 1 [Doc. No. 13]. And Summers does not indicate that her Amended Complaint would include allegations supporting a claim that the recall did not constitute a sufficient warning to her physician. Consequently, her proposed amendment still would not adequately allege that Defendant breached its duty to warn. Accordingly, Summers's proposed amendment is futile.

**V.    Conclusion**

For the foregoing reasons, Renewed Motion for Leave to File an Amended Complaint

[Doc. No. 13] is DENIED.

IT IS SO ORDERED.

August 1, 2025                                  /s/Indira Talwani_____
                                                United States District Judge